IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ABDULAHI MUHUMED MAHAMUD,** | ) |
| Petitioner, | ) |
| v. | ) Case Number: 4:16-cv-02067-VEH-JHE |
| **SCOTT HASSELL, et al.,** | ) |
| Respondents. | ) |

### MEMORANDUM OPINION

On December 22, 2016, Petitioner Abdulahi Muhumed Mahamud ("Muhumed Mahamud") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Muhumed Mahamud, a native of Ethiopia,[1] was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Muhumed Mahamud alleged that he was being illegally detained by ICE pending his deportation to Jamaica. On May 22, 2017, Muhumed Mahamud was released on an order of supervision. (Doc. 13-1 at 2). Respondents have filed a motion to dismiss the action as moot, since Muhumed Mahamud is no longer in ICE custody. (Doc. 13). For the reasons stated below, Respondents' motion will be granted and the action be dismissed as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from

---

[1] Muhumed Mahamud's country of citizenship is somewhat unclear. Respondents assert Muhumed Mahamud has provided conflicting accounts of his citizenship, claiming at first to be a citizen and national of Somalia until February 2017, after which he stated he is a citizen of Ethiopia. (Doc. 9 at 3-4). Muhumed Mahamud asserts in his traverse he was born in a Somali regional state in Ethiopia and has never been a citizen or national of Somalia. (Doc. 11 at 7-8).

this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Muhumed Mahamud's release from ICE custody rendered his petition moot.

    The relief sought by Muhumed Mahamud in his petition is to be released from ICE custody. Because Muhumed Mahamud is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Muhumed Mahamud challenges. *See Carafas*, 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply here either. Muhumed Mahamud has been deported and is no longer in custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.). Because there is no longer any relief that can be granted to Muhumed Mahamud, his petition is due to be dismissed

as moot.

Based on the foregoing, the Respondents' motion to dismiss, (doc. 13), is **GRANTED**. A separate order will be entered.

**DONE** and **ORDERED** this 25th day of July, 2017.

                                                            **VIRGINIA EMERSON HOPKINS**
                                                            United States District Judge